IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 01-4075-MWB |
| vs. | MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| LORI CLARE KAVITZ, | |
| Defendant. | |

_____

TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A. *Charges, Conviction, and Sentencing* . . . . . . . . . . . . . . . . . . . . . 2
    B. *The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . . . . 5

II. *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    A. *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . 7
        1. *Relief on the merits of the claims* . . . . . . . . . . . . . . . . . . . 7
        2. *Entitlement to an evidentiary hearing* . . . . . . . . . . . . . . . . . 9
    B. *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 11
        1. *Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        2. *The "ineffective assistance" at issue here* . . . . . . . . . . . . . . 14
            a. *Failure to prepare Kavitz for her guilty plea* . . . . . . . 14
            b. *Failure to challenge drug quantities* . . . . . . . . . . . . 16
            c. *The* Apprendi *violation* . . . . . . . . . . . . . . . . . . . . 17
            d. *Failure to seek a reduction for acceptance of responsibility* . . . . . . . . . . . . . . . . . . . . . . . . . . 17
            e. *Failure to challenge whether Lyons Park was a playground* . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
            f. *Failure to challenge the gun enhancement* . . . . . . . . 19
            g. *Ineligibility for a "safety valve" reduction because of counsel's failure to challenge the gun enhancement* . . 20

h.     *Failure to challenge the "obstruction of justice" enhancement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i.     *Ineligibility for a "safety valve" reduction because of counsel's failure to challenge the "obstruction of justice" enhancement* . . . . . . . . . . . . . . . . . . . . . . 22

j.     *Failure to seek a downward departure for substantial assistance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

This matter comes before the court pursuant to defendant Lori Clare Kavitz's June 20, 2003, *pro se* Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 75), as supplemented *pro se* on August 11, 2004 (docket no. 91). In her motion, Kavitz seeks relief from her sentence to 292 months of imprisonment on a charge of conspiracy to distribute methamphetamine within 1,000 feet of a public park, based on ineffective assistance by her counsel in numerous respects, before and during sentencing pursuant to her guilty plea, and the involuntariness of her resulting guilty plea. The parties have briefed the issues presented, and the court finds the motion ripe for disposition.

## I. INTRODUCTION

### A. Charges, Conviction, and Sentencing

In an Indictment handed down on August 23, 2001, defendant Kavitz was charged with co-defendant Patrick Brand, her boyfriend, with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine

within 1,000 feet of a public park, identified as Lyons Park in Sioux City, Iowa, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 860(a). On January 31, 2002, Kavitz pleaded guilty to the charge, pursuant to a plea agreement, before United States Magistrate Judge Paul A. Zoss. Kavitz's only objection to the stipulation of facts in the plea agreement at the time of her plea-taking was to the identification of Juvenal Valdivia Herrera, a/k/a "Reuben," a/k/a Emilio Martinez, as a co-conspirator, and upon the agreement of the parties, Judge Zoss struck the reference to that co-conspirator out of the plea agreement. On March 29, 2002, the undersigned accepted Judge Zoss's Report and Recommendation recommending acceptance of Kavitz's guilty plea, to which no objections had been filed. At a sentencing hearing on June 24, 2002, the undersigned sentenced Kavitz to 292 months of imprisonment.

As the calculation of Kavitz's sentence relates to her claims for relief pursuant to 28 U.S.C. § 2255, the court will explore the sentencing calculation in more detail. Pursuant to the United States Sentencing Guidelines in force at the time, the Pre-Sentence Investigation Report (PSIR), Government's Exhibit 1, and the plea agreement, Government's Exhibit 6, Kavitz's base offense level was 38, based on her responsibility for over 15 kilograms of a mixture or substance containing a detectable amount of methamphetamine (hereinafter, a methamphetamine mixture). This was so, notwithstanding that elsewhere in the plea agreement, Kavitz admitted that she participated in the distribution of over 70 pounds (approximately 33 kilograms) of a methamphetamine mixture. Also pursuant to both the PSIR and the plea agreement, the court increased that base offense level to 39 pursuant to U.S.S.G. § 2D1.2(a)(2) for distributing the methamphetamine within 1,000 feet of a playground.

Pursuant to U.S.S.G. § 2D1.1(b)(1), Kavitz's offense level was increased 2 levels (to 41) for possession of a dangerous weapon. This increase was based primarily on a

3

Department of Human Services report that Kavitz's children had reported that Kavitz and Brand kept a handgun under the couch in the basement "for robbers," and that the children had seen the handgun near scales and white powder. The firearm was never found. Nevertheless, in her plea agreement, Kavitz had stipulated to the two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) "for possession of a firearm during the commission of the drug offense." Plea Agreement, ¶ 12(C).

Next, although neither the PSIR nor the plea agreement indicated an adjustment for obstruction of justice, the court did impose a two-level upward adjustment (to 43) for obstruction of justice pursuant to U.S.S.G. § 3C1.1. That increase was based on evidence that Kavitz had initially lied about the nature and extent of involvement of certain alleged co-conspirators in her debriefing and grand jury testimony. The record showed that Kavitz admitted to her misleading or inaccurate statements, when confronted by the prosecutor with evidence indicating that she had lied, and that she subsequently gave accurate statements and grand jury testimony.

Notwithstanding the increase for obstruction of justice, the plea agreement and the PSIR both provided for a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). The court noted at sentencing that, but for the advocacy of Kavitz's attorney and the fairness of the prosecutor, it was unlikely that Kavitz would have received any such reduction, in light of her obstruction of justice, and that she might otherwise have been subject to a life sentence.

Kavitz's resulting adjusted offense level was 40, two levels higher than the PSIR had recommended, although the PSIR did not take into account the upward adjustment for obstruction of justice. The court sentenced Kavitz to 292 months of imprisonment, which was the bottom of her guidelines sentencing range.

In a post-sentencing letter, Kavitz's counsel reiterated Kavitz's right to appeal her sentence and the time within which she must file a notice of appeal. *See* Government's Exhibit 2(I) (letter from counsel to Kavitz attached to affidavit of counsel). However, the letter noted that counsel did not believe that there were any appealable issues and that counsel would not be filing a Notice of Appeal on Kavitz's behalf. *Id.* The letter also noted counsel's hope that he would see Kavitz again within the calendar year on a Rule 35(b) motion. Kavitz did not file a *pro se* appeal. No Rule 35(b) motion was ever filed by the government.

## B. The Motion To Vacate Sentence

On June 26, 2003, Kavitz filed her *pro se* Motion To Vacate, Set Aside, Or Correct Sentence (docket no. 75), which is now before the court. In her motion, Kavitz asserted the following grounds for relief: (1) that her counsel was ineffective in preparing her for her guilty plea and that, as a result, her guilty plea was not made knowingly and voluntarily; (2) that her counsel was ineffective in not challenging the drug quantities used at sentencing; (3) that her counsel's failure to challenge the drug quantities involved resulted in a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) that her counsel was ineffective in not seeking a three-level reduction for acceptance of responsibility; (5) that her counsel was ineffective in not seeking to challenge whether Lyons Park was a playground; (6) that her counsel was ineffective in not challenging the gun enhancement; (7) that her counsel's failure to challenge the gun enhancement resulted in her being ineligible for relief from the statutory mandatory minimum sentence under the "safety valve" exception in U.S.S.G. § 5C1.2; (8) that her counsel was ineffective in not challenging the obstruction of justice enhancement she received; (9) that her counsel's failure to challenge the obstruction of justice enhancement resulted in her being ineligible

for a downward departure for substantial assistance; and (10) that her counsel was ineffective in not seeking a downward departure for substantial assistance.

In an Initial Review Order, filed June 26, 2003 (docket no. 77), the court held that, with the exception of Kavitz's third ground for relief, the one asserting her *Apprendi* claim, Kavitz's claims of ineffective assistance of counsel were not such that it plainly appeared that Kavitz was not entitled to any relief. *See* 28 U.S.C. § 2255 (the court shall dismiss the § 2255 motion if it plainly appears on the face of the motion and the files and the records in the case that the movant is not entitled to any relief). The court rejected the *Apprendi* claim, because Kavitz could not establish any prejudice from counsel's alleged failure to challenge the drug quantities involved in her offense, where an *Apprendi* violation occurs only when the defendant receives a sentence that exceeds the statutory maximum, and Kavitz's sentence of 292 months of imprisonment was less than the statutory maximum of life that she was facing. Therefore, the court ordered Kavitz to file a memorandum on her remaining claims of ineffective assistance of counsel on or before July 25, 2003, and required the government to respond to that memorandum on or before August 25, 2003. The court also directed that Kavitz could file a reply on or before September 15, 2003.

Kavitz filed her *pro se* brief on the remaining claims on July 21, 2003 (docket no. 78), in which she included a request for an evidentiary hearing. The government failed to file a timely response. In an order dated September 16, 2003 (docket no. 79), the court noted the government's failure to file a timely response, but deemed it appropriate to reset the briefing schedule, rather than to grant Kavitz's motion as unresisted pursuant to N.D. IA. L.R. 7.1(f). Therefore, the court gave the government to and including October 3, 2003, within which to file a response to Kavitz's motion pursuant to 28 U.S.C. § 2255, and gave Kavitz to and including October 31, 2003, to file any reply. After a further

extension of time, the government filed its response under seal on November 3, 2003 (docket no. 86). Kavitz filed her reply on November 24, 2003 (docket no. 88). On August 11, 2004, Kavitz filed a *pro se* supplement to her motion (docket no. 91), requesting that the court reinstate her *Apprendi* claim in light of *Blakely v. Washington*, 542 U.S. 296 (2004). The government filed no response to that supplement.

There, unfortunately, this matter languished while this court was involved in the resolution of two complicated federal death penalty cases, which required extensive written rulings on numerous issues pre-trial, during trial, and post-trial. However, the court has now returned its attention to matters that were put on hold while the court cleared its docket of criminal trials with speedy trial deadlines and other more urgent matters, and the court will now consider the merits of Kavitz's claims of ineffective assistance of counsel.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

#### 1. Relief on the merits of the claims

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

7

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that

the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

*2.    Entitlement to an evidentiary hearing*

As the Eighth Circuit Court of Appeals recently explained,

> A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records

of the case conclusively show that [he] is entitled to no relief."
28 U.S.C. § 2255. We review the district court's decision not
to hold an evidentiary hearing for an abuse of discretion.
*Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001).
"That standard is somewhat misleading, however, because
review of the determination that no hearing was required
obligates us to look behind that discretionary decision to the
court's rejection of the claim on its merits, which is a legal
conclusion that we review de novo." *Id.* Therefore, in order
to determine if [a movant under § 2255] is entitled to remand
for an evidentiary hearing, we must consider the validity of his
[claim for § 2255 relief]. *Id.*

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005). More
specifically, "A district court does not err in dismissing a movant's section 2255 motion
without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the
movant to relief, or '(2) the allegations cannot be accepted as true because they are
contradicted by the record, inherently incredible, or conclusions rather than statements of
fact.'" *Buster v. United States*, ___ F.3d ___, ___, 2006 WL 1389610, *1 (8th Cir. May
23, 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with
citation and quotation marks omitted). "In some cases, the clarity of the existing record
on appeal makes an evidentiary hearing unnecessary, [but] [a]bsent such clarity, an
evidentiary hearing is required." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir.
1999). At the evidentiary hearing, if one is required, the defendant must establish that,
"in light of all the evidence, it is more likely than not that no reasonable juror would have
convicted him." *Bousley*, 523 U.S. at 623; *accord Latorre*, 193 F.3d at 1038 (quoting this
standard from *Bousley*).

In this case, the court concludes that no evidentiary hearing is required on any issue,
because the record "conclusively show[s] that [Kavitz] is entitled to no relief" on any of

her "ineffective assistance" claims, as the court will explain in more detail below. 28 U.S.C. § 2255; *Ledezma-Rodriguez*, 423 F.3d at 835-36.

### B. Ineffective Assistance Of Counsel

The claims on which the court permitted Kavitz's motion for § 2255 relief to proceed are based on the alleged ineffective assistance of her counsel before and during sentencing pursuant to her guilty plea. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Kavitz is entitled to relief on her § 2255 motion turns on whether or not she can satisfy the standards applicable to her "ineffective assistance" claims.

*1.    Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established:  post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the  movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687).  That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).  There are two substantial impediments to making such a showing, however.  First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).  Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong

presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

Kavitz contends that her counsel was ineffective in numerous ways prior to and during her sentencing, so that, *inter alia*, her guilty plea was not knowing and voluntary. The court will consider in turn the allegations of ineffectiveness of Kavitz's counsel.

*2. The "ineffective assistance" at issue here*

*a. Failure to prepare Kavitz for her guilty plea*

Kavitz alleges, first, that her counsel was ineffective in preparing her for her guilty plea and that, as a result, her guilty plea was not knowing and voluntary. In support of this contention, Kavitz contends that she did not understand the consequences of the plea agreement, and that counsel did not explain the ramifications of the plea, including the possibility that she could receive a sentence of twenty-four years of imprisonment. She contends, among other things, that she did not engage in all of the conduct on which the conspiracy charge was based, that she would never have agreed to commission of every such element or to a sentence of twenty-four years, and that she was not aware that she would be relinquishing various constitutional rights by pleading guilty. She also contends that she was led by counsel to believe that the plea agreement was really irrelevant, because she would receive a substantial assistance reduction. The government contends that the record, including Kavitz's plea colloquy, as well as her initials throughout and her signature on the plea agreement, demonstrate that she was fully advised of the consequences of her guilty plea.

Without doubt, to be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). The Eighth Circuit Court of Appeals has recognized that a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). At the same time, a defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity. *Nguyen v. United States*,

14

114 F.3d 699, 703 (8th Cir. 1997). Moreover, allegations that counsel misled a defendant into accepting a plea agreement by misleading the defendant about the likely sentence are insufficient to justify withdrawal of the defendant's guilty plea as involuntary, where the court informed the defendant of the maximum possible sentence. *See United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (*per curiam*) (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the defendant of the maximum possible sentence).

The record plainly does not support Kavitz's claim that counsel's ineffective assistance led to an involuntary plea. Counsel was not ineffective or deficient in failing to advise Kavitz of the possible length of her sentence, *see Rice*, 449 F.3d at 897 (the claimant must first show that counsel's performance was constitutionally deficient), because counsel expressly advised Kavitz, by letter dated November 21, 2001, that she faced a possible sentence of 292 to 365 months. *See* Government's Exhibit 2(B). Furthermore, Kavitz averred at her plea-taking that her plea was voluntary and reaffirmed the truthfulness of all stipulations in her plea agreement. *See Nguyen*, 114 F.3d at 703 (representations by a defendant at a plea-taking carry a strong presumption of verity). Finally, even supposing that Kavitz was inadequately advised by counsel about the possible length of her sentence or other factors that might impact her sentence, such as the likelihood that she would obtain a substantial assistance motion, the court cannot find that Kavitz was prejudiced. *See Ledezma-Rodriguez*, 423 F.3d at 836 (even if counsel's performance was deficient, the defendant must still prove prejudice). Kavitz was properly advised by the court of the maximum possible sentence she could face during her plea-taking. *See Granados*, 168 F.3d at 345 (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea

involuntary as long as the court informed the defendant of the maximum possible sentence).

Therefore, Kavitz is entitled to no evidentiary hearing and no relief on this claim of ineffective assistance of counsel.

### b. Failure to challenge drug quantities

Next, Kavitz contends that her counsel was ineffective in not challenging the drug quantities used at sentencing. Kavitz clearly cannot show either "deficient performance" or "prejudice" necessary to sustain this claim. *See Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance claim requires proof of both "deficient performance" and "prejudice"). Kavitz stipulated in her plea agreement that she had participated in the distribution of over 70 pounds (approximately 33 kilograms) of methamphetamine mixture, Government's Exhibit 6, ¶ 33(D), and reaffirmed that stipulation during sentencing. *See Nguyen*, 114 F.3d at 703 (the defendant's statements at plea-taking carry a presumption of verity). The government has also pointed to Kavitz's grand jury testimony in which she repeatedly claimed involvement in the distribution of well in excess of 35 pounds (approximately 16 kilograms) of methamphetamine mixture. Nevertheless, Kavitz was sentenced on the basis of only 15 kilograms of methamphetamine mixture. Kavitz's arguments that the 70 pounds represents "double counting" is irrelevant, where there was no such "double counting" in the quantity upon which her sentence was actually based. Counsel was not deficient in failing to challenge a drug quantity that was less than half of what Kavitz had stipulated she had helped to distribute, and Kavitz certainly was not prejudiced by counsel's failure to do so, where she was actually sentenced on the basis of less than half of the drugs that she had admitted distributing. Therefore, Kavitz is entitled to no evidentiary hearing and no relief on this claim of ineffective assistance of counsel.

###### c. *The* Apprendi *violation*

Kavitz has asked the court to reinstate her third claim, her *Apprendi* claim, which was stricken in the Initial Review Order as without legal foundation. She contends that the Supreme Court subsequently decided *Blakely v. Washington*, 542 U.S. 296 (2004), on the basis of *Apprendi*, demonstrating that her claim is viable. Still more recently, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), on the basis of principles stated in *Apprendi* and *Blakely*. However, the Eighth Circuit Court of Appeals has held that *Blakely* and *Booker* do not apply retroactively to cases on collateral review, such as Kavitz's motion for § 2255 relief. *See Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (*per curiam*). Therefore, there is no basis to reinstate Kavitz's *Apprendi-Blakely-Booker* claim.

###### d. *Failure to seek a reduction for acceptance of responsibility*

Kavitz's fourth claim is that her counsel was ineffective in not seeking a three-level reduction for acceptance of responsibility. This claim is patently contrary to the record, which shows beyond dispute that Kavitz received a three-level reduction for acceptance of responsibility, notwithstanding her obstruction of justice—indeed, she received that reduction only because of her counsel's persistence and the fairmindedness of the prosecutor. Again, Kavitz has failed to show either "deficient performance" or "prejudice" necessary to sustain this claim, *see Ledezma-Rodriguez*, 423 F.3d at 836, where she is simply wrong about the factual basis for this claim. Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

###### e. *Failure to challenge whether Lyons Park was a playground*

Kavitz's fifth ground for relief is that her counsel was ineffective in failing to argue that Lyons Park was not a "playground" within the meaning of 21 U.S.C. § 860(a). In support of this claim, Kavitz asserts that Lyons Park is a dilapidated park where no

17

children play, so that it does not fit the dictionary definition of a "playground." This claim is also patently without merit.

For purposes of this offense,

> The term "playground" means any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards.

21 U.S.C. § 860(e)(1). Moreover, as the Eighth Circuit Court of Appeals has explained,

> A conviction under [21 U.S.C.] § 860(a) does not require that the offense actually involve children or pose any real danger to children, however. "Nothing in the statute requires that school be in session or that children be near or around the school [or playground] at the time of the offense," *[United States v.] Hohn*, 8 F.3d [1301,] 1307 [(8th Cir. 1993)], and a defendant need not know that he distributed drugs within the 1,000 foot zone to be convicted. *United States v. Haynes*, 881 F.2d 586, 590 (8th Cir. 1989).

*United States v. Koons*, 300 F.3d 985, 993 (8th Cir. 2002). Thus, Kavitz's dictionary definition of "playground" is irrelevant, where the statute and case law provide the applicable definition.

The record plainly shows that Lyons Park met the applicable definition, so that counsel was not deficient in failing to challenge whether Lyons Park met the definition. *See Rice*, 449 F.3d at 897. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *Walker*, 324 F.3d at 1040. Nevertheless, the court finds that Kavitz also plainly cannot prove "prejudice" from counsel's failure to challenge whether Lyons Park was a "playground" within the meaning of the offense of conviction, where there is no evidence

that Kavitz pleaded guilty to a § 860(a) offense that did not involve a "playground." *See*
*Ledezma-Rodriguez*, 423 F.3d at 836.

Therefore, Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

### f. Failure to challenge the gun enhancement

As her sixth ground for relief, Kavitz alleges that her counsel was ineffective in not challenging the gun enhancement. This challenge is likewise without merit. Kavitz stipulated in her plea agreement that she had possessed a firearm during and in relation to the same course of conduct or common scheme or plan as the offense of conviction, Government's Exhibit 6, ¶ 33(E), and reaffirmed that stipulation during sentencing. *See Nguyen*, 114 F.3d at 703. Counsel's affidavit also shows that he was aware of sufficient evidence in the discovery file to justify the firearm enhancement. Government's Exhibit 2, p. 5. Kavitz's further contentions that her children's reports of the gun under the couch "for robbers" are unreliable or show that the gun was not possessed in relation to the drug conspiracy are unavailing. First, there was sufficient other evidence of the presence of the gun, including Kavitz's stipulation and comparable admissions by co-defendant Brand, the children reported that the gun was in proximity to scales and white powder, and there was other evidence that Kavitz possessed, used, or carried the firearm in the course of drug dealings. *See, e.g., United States v. Spencer*, 439 F.3d 905, 914 (8th Cir. 2006) ("In considering Spencer's argument, we recognize 'simultaneous possession of drugs and . . . firearm[s] is not alone sufficient to support a conviction under' section 924(c). *United States v. Hamilton*, 332 F.3d 1144, 1150 (8th Cir. 2003). 'Evidence of a nexus between the defendant's possession of the firearm and the drug offense is required.' *Id.* . . . The proximity of the firearms to drugs, the handy availability of the firearms, and the dispersal of the firearms throughout Spencer's residence support an inference Spencer possessed the

firearms to protect his drug manufacturing operation."). Thus, counsel was not "deficient" in failing to challenge the gun enhancement, *see Rice*, 449 F.3d at 89, nor was Kavitz "prejudiced" by his failure to do so, where the challenge would undoubtedly have been unpersuasive. *See Ledezma-Rodriguez*, 423 F.3d at 836.

Therefore, Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

g. *Ineligibility for a "safety valve" reduction because of counsel's failure to challenge the gun enhancement*

Kavitz's seventh ground for relief is related to her sixth, in that she asserts that her counsel's failure to challenge the gun enhancement resulted in her being ineligible for relief from the statutory mandatory minimum sentence under the "safety valve" exception in U.S.S.G. § 5C1.2.[1] This argument appears to be cognizable more as an assertion of

---

[1] As the Eighth Circuit Court of Appeals recently reiterated,

> "The 'safety valve' provision permits a district court to impose on a drug defendant a more lenient sentence within the otherwise applicable guidelines range if certain conditions are met." *[United States v.] O'Dell*, 204 F.3d [829,] 838 [(8th Cir. 2000)]. In order to qualify for safety-valve relief, a defendant must show, by a preponderance of the evidence, that:
>
> > (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> > (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> > (3) the offense did not result in death or serious bodily injury to any person;

(continued...)

"prejudice" from the alleged ineffective assistance of counsel in failing to challenge the gun enhancement than a separate claim for relief. Even so, where, as here, counsel was not "ineffective" in failing to challenge the gun enhancement, counsel could not be ineffective in failing to pursue "safety valve" eligibility. Therefore, Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

> h.    *Failure to challenge the "obstruction of justice" enhancement*

Kavitz's eighth claim for relief is that her counsel was ineffective in not challenging the obstruction of justice enhancement she received. Kavitz asserts that she has never been charged with perjury and that any misrepresentations in her debriefing or grand jury testimony were not, ultimately, material, because the government did not charge the two

---

[1] (…continued)

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).
*United States v. Soto*, 448 F.3d 993, 995 (8th Cir. 2006); *see also* U.S.S.G. § 5C1.2 (identifying the same five factors for safety-valve eligibility). The defendant has the burden to prove that he qualified for a safety-valve sentencing reduction under the statute and Sentencing Guidelines. *Id.*

persons about whom she allegedly made misrepresentations as to the extent of their involvement in the conspiracy. Again, the court finds that it is clear that Kavitz cannot establish "deficient performance." *See Rice*, 449 F.3d at 897.

The record shows that there was overwhelming evidence that Kavitz had perjured herself in her grand jury testimony, and counsel's affidavit states that his notes reflected Kavitz's admissions to the prosecutor that she had done so. *See* Government's Exhibit 2, at p. 5. Counsel has averred, further, that he attempted to deal with Kavitz's perjury by agreeing to the two-level enhancement for obstruction of justice, so that the government would not file perjury charges against Kavitz. *Id.* Under the circumstances, the court agrees that counsel's strategic decision to attempt to avoid perjury charges by agreeing to the enhancement for obstruction of justice was reasonable, and thus, was not "deficient" performance. *Rice*, 449 F.3d at 897 ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'") (quoting *Strickland*, 466 U.S. at 690). The court need proceed no further in the analysis of this claim of ineffective assistance. *Walker*, 324 F.3d at 1040 (if the defendant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

Therefore, Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

      i.     *Ineligibility for a "safety valve" reduction because of counsel's failure to challenge the "obstruction of justice" enhancement*

Kavitz's ninth claim, like her seventh, appears to be cognizable more as an assertion of "prejudice" from the alleged ineffective assistance of counsel in failing to challenge the "obstruction of justice" enhancement than a separate claim for relief. Nevertheless, it is plain that where, as here, counsel was not ineffective in failing to challenge the

"obstruction of justice" enhancement, counsel also was not ineffective in failing to seek a "safety valve" reduction for which the defendant was not eligible because of the nature of the defendant's obstruction of justice. Therefore, Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

> j.    *Failure to seek a downward departure for substantial assistance*

As her final claim, Kavitz asserts that her counsel was ineffective in not seeking a downward departure for substantial assistance. This claim also is without merit.

As the Eighth Circuit Court of Appeals has explained,

> A motion for downward departure may be made by the government, but not by the defendant. Courts are without statutory authority to grant downward departures for substantial assistance absent a government motion. *United States v. Kelly*, 18 F.3d 612, 617 (8th Cir. 1994). Only limited exceptions to this general rule apply, such as where "a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith." *Id.* at 617-18; *United States v. Romsey*, 975 F.2d 556, 557-58 (8th Cir. 1992).

*United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999). Thus, Kavitz's counsel could not move for a substantial assistance reduction on his own initiative, and therefore, could not have performed "deficiently" in failing to do something he had no authority to do. *See Rice*, 449 F.3d at 897 (the defendant must first prove that counsel's performance was "deficient").

To the extent the Kavitz contends that her counsel was deficient in not arguing for a "substantial assistance" motion by the government, that claim also fails in light of the holdings of the Eighth Circuit Court of Appeals on similar issues. In *Craycraft*, the Eighth Circuit Court of Appeals rejected a defendant's contention that his counsel had been

"ineffective" by not asserting his argument for a "substantial assistance" motion based on his contention that the government was acting in bad faith in failing to make the motion. *Craycraft*, 167 F.3d at 455. The court found no error in the trial court's finding that the defendant had failed to establish ineffective assistance of counsel based on inconclusive evidence about the extent of the defendant's assistance to the government, because that evidence merely suggested a line of attack that might have been pursued. *Id.* Similarly, in *United States v. Taylor*, 258 F.3d 815 (8th Cir. 2001), the Circuit Court of Appeals concluded that the defendant's counsel's conduct had not been objectively unreasonable, where counsel failed to object to the government's decision to move for a substantial assistance reduction only under the applicable sentencing guideline, rather than under the applicable statute. *Taylor*, 258 F.3d at 819. The court held that counsel was not required to act on the defendant's particular interpretation of the plea agreement as compelling a motion under the statute, where the court found that the government retained the discretion under the plea agreement to move or not move for a substantial assistance reduction under either the guideline or the statute. *Taylor*, 258 F.3d at 819-20.

Here, it cannot be said that counsel's conduct in failing to argue for a substantial assistance motion was objectively unreasonable, based on Kavitz's contention that her assistance had been sufficient to warrant such a motion, where counsel was aware that some of Kavitz's purported "assistance" had consisted of misleading statements in debriefing and false grand jury testimony. *Cf. Craycraft*, 167 F.3d at 455 (counsel was not required to argue for a substantial assistance motion based on inconclusive evidence about the extent of the defendant's assistance). Also contrary to Kavitz's assumptions, there was no guarantee in her plea agreement that the government would move for a substantial assistance reduction, so counsel was not required to argue for such an interpretation, and the record is clear that the court advised her at the time of her plea that

the government had sole discretion over whether or not to move for such a reduction. *Cf. Taylor*, 258 F.3d at 819-20 (counsel was not ineffective in failing to push for a substantial assistance motion under the applicable statute, rather than the Sentencing Guidelines, based on the defendant's particular interpretation of a plea agreement, where the government retained the discretion to move or not move for such a reduction).

Thus, counsel plainly was not "deficient" in failing to argue for such a reduction in Kavitz's case. *See Rice*, 449 F.3d at 897 (the defendant must first prove that counsel's performance was "deficient"). In the absence of any showing of "deficient" performance, the court need not consider whether Kavitz was "prejudiced." *Walker*, 324 F.3d at 1040 (if the defendant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim). Therefore, Kavitz is not entitled to either an evidentiary hearing or any relief on this claim.

## III. CONCLUSION

Upon the foregoing, Lori Clare Kavitz's June 20, 2003, *pro se* Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 75) and her August 11, 2004, *pro se* supplement to her motion (docket no. 91) are both denied in their entireties.

IT IS SO ORDERED.

DATED this 17th day of July, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA